IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DEBORAH YEHUDAH, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 3:06-CV-041(CDL) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, | * |
| | * |
| Defendant. | * |
| | * |

O R D E R

Presently pending before the Court is Defendant's Motion for Summary Judgment (Doc. 20). For the reasons set forth below, the Motion is granted.

PROCEDURAL BACKGROUND

Defendant filed its Motion for Summary Judgment on January 23, 2008. On February 27, 2008, the Court advised Plaintiff, who is proceeding pro se, of the significance of Defendant's Motion for Summary Judgment pursuant to *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). (Order Providing Notice to Pro Se Plaintiff of Summary Judgment Rules, Feb. 27, 2008, Doc. 21 [hereinafter "Pro Se Notice"].) The Court advised Plaintiff that "Failure of the plaintiff herein to respond to and rebut the statements set forth in the defendant's affidavits and/or other sworn pleadings may result in said statements being accepted as the truth." (*Id.* at 3.) The Court notified Plaintiff of her right to file a

1

response to Defendant's Motion for Summary Judgment and ordered that any response be filed within twenty days of receipt of the Pro Se Notice. (*Id.*) Plaintiff never responded to Defendant's Motion for Summary Judgment.

FACTUAL BACKGROUND

From July 22, 2005 to September 27, 2005, Plaintiff was employed by Defendant as a Utility Worker I at the University of Georgia's Snelling Dining Hall. (Hammond Aff. ¶¶ 9, 20, Jan. 22, 2008.) Plaintiff's supervisor was Rachel Hammond, the Snelling Cafeteria Manager. (*Id.* ¶ 5.) As part of her orientation at Snelling, Plaintiff received a copy of the University of Georgia Food Services Employee Handbook. (*Id.* ¶ 7.) Plaintiff also received a copy of the Snelling policies pamphlet. (*Id.*) Both the Snelling policies pamphlet and the employee handbook contained a dress code, including a policy on appropriate hair restraints for food service employees. (Exs. 1 & 2 to Def.'s Mot. for Summ. J.) Appropriate hair restraints included: (1) a hairnet, (2) a UGA food service hat, or (3) a UGA baseball style cap. (*Id.*)

On September 27, 2005, Hammond observed that Plaintiff was in violation of the dress code policy because Plaintiff was wearing nail polish and a head scarf. (Hammond Aff. ¶ 10.) Hammond asked Plaintiff to come into her office to discuss the dress code violations, and Hammond asked Assistant Cafeteria Manager Jessica Rogers to be present for the discussion. (Hammond Aff. ¶ 11; Rogers

2

Aff. ¶ 4, Jan. 22, 2008.) Plaintiff explained that the head scarf was a requirement of her Nubian Islamic Hebrew religion and that she needed to wear it for a period of at least two months as specified in a religious calendar. (Hammond Aff. ¶ 11; Rogers Aff. ¶ 5.) Hammond told Plaintiff that she could wear the head scarf if it was part of her religious practices, but since Hammond was not familiar with the requirements of Plaintiff's religion, Hammond wanted to make sure that she was making an appropriate accommodation, and she also wanted to make a note in Plaintiff's personnel file of the need to make the accommodation. (Hammond Aff. ¶ 12.) Therefore, Hammond asked Plaintiff to bring her a copy of a religious calendar or other information that would verify Plaintiff's assertion that she needed to wear the head scarf and would explain how long Plaintiff needed to wear the head scarf. (*Id.*; Rogers Aff. ¶ 6.)

In response to Hammond's request, Plaintiff went to her locker and retrieved a prayer book. (Hammond Aff. ¶ 13; Rogers Aff. ¶ 9.) The book was in a language that Hammond did not understand, and it did not contain a calendar. (Hammond Aff. ¶ 13.) Hammond told Plaintiff that she could continue to wear the head scarf but that Plaintiff needed to provide Hammond with a calendar or other information regarding the time-frame for the accommodation. (Hammond Aff. ¶ 14; Rogers Aff. ¶12.) Plaintiff agreed to bring Hammond a copy of the calendar the next day. (Hammond Aff. ¶ 14.)

After agreeing to bring Hammond a copy of the calendar, Plaintiff became argumentative and hostile toward Hammond, yelling and accusing Hammond of violating her religious rights by requesting documentation verifying her need to wear the head scarf. (Hammond Aff. ¶ 15; Rogers Aff. ¶ 13.)  Hammond asked Plaintiff to leave her office, but Plaintiff refused to leave, and she became more belligerent and got very close to Hammond and yelled that Hammond would be "hearing from [Plaintiff's] lawyer," that Plaintiff's husband was "a millionaire," that Plaintiff did not need the job, and that Hammond was a "racist bitch." (Hammond Aff. ¶ 16; Rogers Aff. ¶ 15.)  Hammond felt that Plaintiff was trying to intimidate her, verbally and physically. (Hammond Aff. ¶ 20.)  Hammond made several attempts to get Plaintiff to leave her office, but Plaintiff refused to leave, and she continued yelling and cursing at Hammond. (Hammond Aff. ¶¶ 16-17; Rogers Aff. ¶¶ 17-18.)  Hammond terminated Plaintiff's employment and explained to Plaintiff that it was because of Plaintiff's behavior in yelling at and threatening Hammond. (Hammond Aff. ¶ 17; Rogers Aff. ¶ 17.)  Hammond would have terminated any employee who yelled at her and threatened her as Plaintiff did. (Hammond Aff. ¶ 19.)

### DISCUSSION

**I.   Summary Judgment Standard**

Summary judgment may be granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show

4

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, Defendant has the burden to show that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet this burden, Defendant may show "that there is an absence of evidence to support [Plaintiff's] case." *Celotex Corp.*, 477 U.S. at 325. This is because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once Defendant meets its burden, the burden shifts and Plaintiff must produce evidence to show that there *is* a genuine issue of material fact. *See id.* at 324. Plaintiff must "go beyond the pleadings," *id.,* and point the Court to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *accord Celotex*, 477 U.S. at 324. Plaintiff is not required to produce evidence in a form that would be admissible at trial, but she must point to some evidence to show a genuine issue of material fact. *Celotex*, 477 U.S. at 324. Such evidence may be in the form of affidavits, depositions, answers to interrogatories, or admissions on file. *Id.; accord* Fed. R. Civ. P. 56(e). Defendant is entitled to summary judgment if, after construing the evidence in the light most favorable to Plaintiff and drawing all justifiable inferences in her favor, no genuine issues of material fact remain to be tried. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Here, Plaintiff failed to respond to Defendant's Motion for Summary Judgment, and she has therefore pointed the Court to no evidence in support of her claim that she was terminated from her employment because of her religion. Nevertheless, the Court has reviewed the present record and confirms that no genuine issues of material fact exist to be tried.

## II. Plaintiff's Title VII Claims Against Defendant

Plaintiff brings claims against Defendant for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically, Plaintiff alleges that Defendant terminated her because of her religion and that Defendant discriminated against her "by refusing to reasonably accommodate [her] religious practices." (Compl. ¶¶ 5-6, 9.) Plaintiff also alleges that "other employees" in her work area were permitted to wear head coverings. (Compl. ¶ 9.) Plaintiff further alleges that Defendant retaliated against her "by terminating against [her] after [she] complained of religious discrimination." (Compl. ¶¶ 9.) Plaintiff has not offered any direct evidence that the alleged discrimination and retaliation were because of her religion. Therefore, the Court will examine her claims under the analytical framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Under the *McDonnell Douglas* framework, the plaintiff must establish a prima facie case of discrimination (or retaliation). *Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802; *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). If the employer meets this burden of production, the presumption raised by the prima facie case is rebutted, and to avoid summary judgment the plaintiff must come forward with evidence sufficient to create a "genuine issue of material fact regarding whether *each* of the defendant employer's articulated reasons" is pretext for discrimination. *Chapman*, 229 F.3d at 1024, 1037; *see also Crawford*, 482 F.3d at 1308.

To establish a prima facie case of religious discrimination, Plaintiff must present evidence sufficient to prove that she (1) had a "bona fide religious belief that conflicted with an employment requirement"; (2) informed her employer of this belief; and (3) was "discharged for failing to comply with the conflicting employment requirement." *Morissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1321 (11th Cir. 2007). Here, assuming that Plaintiff's allegations in the Complaint are sufficient to make out a prima facie case of religious discrimination, Plaintiff's religious discrimination claim still fails. Defendant proffered a legitimate nondiscriminatory reason for its termination of Plaintiff: when Plaintiff's supervisor, in an attempt to accommodate Plaintiff's

7

religious beliefs, sought to verify that Plaintiff's religion required Plaintiff to wear a head scarf for a certain period of time, Plaintiff yelled at and threatened her supervisor, and Plaintiff refused to leave her supervisor's office. Plaintiff was then fired because of her misconduct in threatening her supervisor. Because Plaintiff has offered no evidence to show that Defendant's proffered reason for terminating her is pretext for discrimination, Defendant is entitled to summary judgment on Plaintiff's religious discrimination claims.

To establish a prima facie case of retaliation, Plaintiff must show "(1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). To determine whether Plaintiff engaged in statutorily protected expression, the Court must determine whether Plaintiff had a "good faith, reasonable belief" that Defendant engaged in unlawful discrimination. *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999). Here, Plaintiff has not shown that she engaged in statutorily protected conduct. Plaintiff contends that she was fired after complaining of religious discrimination (presumably that she was not permitted to wear a head scarf). However, according to Defendant's undisputed evidence, Plaintiff *was* permitted to wear the head scarf, so long as she could show Defendant that it was actually a requirement of her

8

religion. From this, the Court cannot conclude that Plaintiff had a good faith, reasonable belief that Defendant discriminated against her on account of her religion. Furthermore, even if Plaintiff has made out a prima facie case of retaliation, Plaintiff has not offered any evidence to dispute Defendant's evidence that it terminated Plaintiff for yelling at and threatening her supervisor. Accordingly, the Court finds that Defendant is entitled to summary judgment on Plaintiff's retaliation claims.

CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment (Doc. 20) is granted.

IT IS SO ORDERED, this 8th day of April, 2008.

                                      S/Clay D. Land
                                        CLAY D. LAND
                        UNITED STATES DISTRICT JUDGE